# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**FILED**

April 16, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**In re: R.D., R.D., and R.D.**

**No. 12-1485 (Mingo County 11-JA-90, 91, and 92)**

## MEMORANDUM DECISION

Petitioner Father,[1] by counsel Diana Carter Wiedel, appeals the Circuit Court of Mingo County's Order entered on September 4, 2012, terminating petitioner's parental rights. The guardian ad litem, Lauren Thompson, filed her response on behalf of the children. The West Virginia Department of Health and Human Resources ("DHHR"), by Michael Jackson, its attorney, filed its response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

A petition for immediate custody of the minor children in imminent danger was filed after Child Protective Services received a referral on November 1, 2011, and November 18, 2011, alleging Petitioner Father was drinking and smoking marijuana in the presence of the children and that one child had missed twenty days of school without any doctor's excuses. The children were immediately removed from the home based on the finding that they were at risk to be abused/neglected and were medically and educationally neglected. The circuit court adjudicated Petitioner Father neglectful for failing to protect the children and participating substance abuse and other risk behaviors. During the pendency of the case, Petitioner Father was granted two ninety-day improvement periods in which to comply with court-ordered services. Petitioner Father attended inpatient rehab and completed a drug course, received in-home services, passed random drug screens, and had no additional arrests or acts of domestic violence during his improvement period. In terminating Petitioner Father's parental rights, the circuit court found there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future because Petitioner Father continues to abuse alcohol, has failed to respond to medical and social rehabilitative efforts, and the domestic violence towards the biological mother.

---

[1] Petitioner L.I. is believed to be the father of two of the subject children in circuit court cases 11-JA-91 and 11-JA-92. The circuit court terminated his parental rights to all the children in the underlying case. This Court recently affirmed the termination of the biological mother's parental rights in case no. 12-1078. The remaining father, L.C., had his parental rights terminated as well and has not appealed that decision.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.,* 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, Petitioner Father first argues that the circuit court erred in terminating his parental rights because he fully complied with the terms of his improvement period. The DHHR and guardian respond in favor of terminating Petitioner Father's parental rights. The DHHR argues that the evidence supports that Petitioner Father continues to abuse alcohol and engage in domestic violence which necessitated the filing of the petition against him. The guardian adds that the Petitioner Father had a violent, alcohol fueled fight with the children's mother in clear violation of his improvement period.

Upon our review of the record, this Court finds that the circuit court was presented with sufficient evidence upon which it found that that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future and that termination was necessary for the children's welfare. The circuit court found that Petitioner Father continues to abuse alcohol, failed three drug tests after disposition, and continues to participate in domestic violence. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights upon these findings.

Petitioner Father also argues that he was not given proper notice that his parental rights might be terminated because the Child's Case Plan recommended that he be given a post-dispositional improvement period. The guardian is aware that notice was lacking but the Petitioner Father is responsible for this error. The guardian argues that proper notice was not practical because Petitioner Father hid the necessary information from the DHHR and all other services providers. In this matter, a case plan was filed that recommended a post-dispositional improvement period and gradual reunification. However, that case plan was never updated to reflect that the DHHR was now seeking termination.

Upon our review of the record, it was not until the dispositional hearing that all the parties became fully aware that Petitioner Father was still abusing alcohol and physically abusing the children's mother despite receiving services and completing rehabilitation. At a minimum,

Petitioner Father should have known that his parental rights might be terminated given his recent behavior in clear violation of his improvement period. Although we are concerned about the allegations that the DHHR failed to follow procedures such as the proper preparation of the child case plan, we conclude that such alleged omissions do not warrant reversal in light of all the circumstances[2] in this case.

Finally, Petitioner Father argues that the circuit court erred in not ordering post-termination visitation, given his strong bond with his children. The guardian admits that the Petitioner Father has a strong bond with his children but it is not in their best interest to be placed with Petitioner Father who continues to abuse alcohol and engage in domestic violence.

We have held as follows:

"When parental rights are terminated due to neglect or abuse, the circuit court may nevertheless in appropriate cases consider whether continued visitation or other contact with the abusing parent is in the best interest of the child. Among other things, the circuit court should consider whether a close emotional bond has been established between parent and child and the child's wishes, if he or she is of appropriate maturity to make such request. The evidence must indicate that such visitation or continued contact would not be detrimental to the child's well being and would be in the child's best interest." Syl. Pt. 5, *In re Christina L.,* 194 W.Va. 446, 460 S.E.2d 692 (1995).

Syl. Pt. 2, *In re Billy Joe M.*, 206 W.Va. 1, 521 S.E.2d 173 (1999). Further, "the primary goal in cases involving abuse and neglect, as in all family law matters, must be the health and welfare of the children." Syl. Pt. 3, in part, *In re Katie S.*, 198 W.Va. 79, 479 S.E.2d 589 (1996). Based on our review of the record, this Court finds no error by the circuit court in denying Petitioner Father post-termination visitation.

For the foregoing reasons, the circuit court's order terminating Petitioner Father's parental rights is hereby affirmed.

Affirmed.

**ISSUED**: April 16, 2013

**CONCURRED IN BY**:

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

---

[2] At the February 19, 2013, supplemental hearing, the circuit court learned that Petitioner Father is currently on home confinement for assaulting his current girlfriend and recently pled guilty to abusing and threating his mother.